Well, Your Honor, this issue is pretty narrow in the sense that the debtor is asking for a motion to dismiss basically due to a couple of things. Due to my inability to properly advise them that there's too much equity in their house and Chapter 7's first part of the issue. The second thing is that before 1307, Section 1307 would have converted to a Chapter 13, reconverted to a Chapter 13. But I think the main issue is that what is prejudice to the creditors? The bankruptcy court said that relying on the Barty case was just too... The Barty case stated that basically the debtors, their plan to repay the creditors were too speculative. That there wasn't a guarantee that the creditors would be paid. So I think the question is, what is prejudice? I mean, anything short of a guarantee to pay the creditors, if that's constant prejudice to the creditors, enough so to bar dismissal, I think that's just a little bit too harsh. I mean, I don't think... Why do the creditors have to take any risk? Well, Your Honor, again, I'm relying on the cases basically whether it's too speculative. Well, it's a very fine... I'm sorry, Judge Lafferty, go ahead. Yeah, I'd like to just define the prejudice question a little bit further. Prejudice means change of position that's making somebody materially worse off, right? That's what you think? Yes, that's... What we're comparing here is not you have no chance of getting paid, against you have some chance of getting paid. In my 13, if I get it confirmed that everybody does what they say they're going to do. The comparison is a trustee can sell this house tomorrow and pay everybody. No questions asked versus what you're proposing. That's the measure, right? The measure is not, you know, is it speculative in the sense that I have to go play the stock market? The measure is there is a known thing that's going to happen versus something that you want to have happen, that, as Judge Fraker said, adds some risk. Yes, Your Honor, there... Again, I believe you're saying that anything short of a guarantee... No, I'm not saying that. I'm saying you have to compare what would have happened in the seven, which is a definite... and not every seven is that way, right? But in this one, there's a house. It can be sold. It can be sold without a whole lot of trouble. Everybody can be paid. At the moment, the trustee, if anything, is exercising restraint and not just doing that and giving you another way out of this case, which we can talk about in a minute or two. But that's the... I mean, it's not a comparison of there's no chance you're going to get paid versus my chance that I might confirm a 13 and pay or something. That's not the comparison, right? Well, Your Honor, yes, the house is there. It's easy for the trustee to sell it. I mean, I could be there, obviously. But, again, like I said, I think whether the comparison is to what's the plan for the debtors to pay the creditors if a dismissal is granted. All the cases talk about that. And basically, the trustees' cases, cases cited by the trustee, basically, these people, you know, they're hiding assets, and there's no way the court is saying it's too speculative, even on the Barney case. Let's pull a couple things apart, okay? You're right. It would be prejudicial to the creditors if the debtors were acting nefariously. There's no question about that, okay? They don't have to act nefariously to create some prejudice. And that's the argument here. I mean, the fact that they're nice people and they didn't hide anything, I appreciate that. It doesn't change the question for me. Let me ask a slightly different question, but along the same lines, which is you're telling us let us dismiss, we'll refile, we'll pay. But come January 1, the homestead exemption is going to go from where it is today to, I don't know, in your county, in my county, $600,000. There's not going to be any equity. And once the case is dismissed, there's absolutely no way for the court to control the timing of filing. That isn't something that you did intentionally because that change in the law is new, but isn't that something we have to consider here? That's correct, Your Honor. Yes, $600,000 is effective January 1, I believe. Again, you're correct. We can't control the timing, but all I can say is that the debtors, but for 1307 and my failure to properly advise them, they would have filed immediately. I mean, if Your Honor's first decision, I mean, they would file. I mean, I'm saying that it's kind of skeptical, but that's the position they're going to take. Okay, I'm going to ask you a really tough question, which is, can you give them that legal advice? I'm sorry, Your Honor? I mean, can you, you know, once, if this case is dismissed, can you give a client the legal advice to file today with the obligation to pay at least $30,000 and probably more given administrative expenses versus waiting until January 1 and filing and having to pay none of that? I mean, I don't know. I think that's a bad place to put yourself, to be perfectly honest. Your Honor, yes, I didn't find out about this new law until, obviously, these briefs were filed. Right. It's a difficult question to answer, definitely. Yeah, I mean, I might be putting myself in more difficulty if I don't advise them. Yeah, I mean, that's probably not, I'm not trying to be unfair here, but it's certainly the thought bubble that the minute I read this is how, you know, you almost have to get them another attorney, and I don't think anybody's going to advise them to file. But, sorry. No, I mean, realistically, practically speaking, you're absolutely right. I mean, legally, as far as, you know, you pretend, again, going back to the briefs, I'm sorry, Your Honor, the calamity, I believe the comparison, the prejudice, what is the prejudice? Prejudice, anything short of a guarantee, I believe, is completely harsh, and I think it's got to be tempered by the circumstances around it. The better a situation would be to file a dismissal. I think there should be some ethical considerations. Judge Affrey is correct. There is definitely a guarantee that the property could be sold the next day. But, again, I think the case, strategically, is just a little bit unique in that way. I can't find any case law. But, having said that, I think those who take into account, particularly since the debtors, it's their residence, they lived there all their life, their daughter lived there all her life, and, again, I'm just repeating myself, but for my oversight, and if not for the 1307, they would have converted right away. You don't dispute that this appreciation goes to the estate. I mean, under controlling Ninth Circuit law, that's not an open issue, correct? Yes, Your Honor, that's correct. But, again, it's just, I believe, the totality of the circumstances, I believe you have to look at that, especially considering there's no case law with similar facts. The Barty case, as you know, the court in that case, the debtors want to pay the insurance partner. I mean, there's no escrow, no nothing. I mean, basically, it's just totally speculative. I mean, this situation, if the debtors refiled Chapter 13, I mean, there would be under the jurisdiction of the bankruptcy court. In that regard, if I was being presented this case, notwithstanding the new law that's coming up, I would have looked at, well, okay, well, you filed Chapter 13, there would have to be paid as much as you would liquidate in Chapter 7. That's the law. So, again, if the prejudice aspect of it was so harsh, I mean, there would have been a law saying that, well, even if the house is going for sale and there's no unexempt equity, you can't file a Chapter 13. You've got to file a 7. I mean, it just seems a little bit incongruous or lopsided. You know, I mean, this is but for my mistake. They would have stayed with a 13. You're right at your five minutes. I think I got the timing on this one right, don't I, guys? So, I think they realize that my clock keeping is not great. Do you want to stop here or keep going? It's up to you. I'm stopping here, Your Honor. Okay, then we'll reserve a little more than five minutes, and then we will go to Mr. Kennedy for his piece of the responsive argument. Good morning, Your Honors. Again, this is Matthew Kennedy on behalf of the Chapter 7 trustee. It's the trustee's opinion here that the judge in the underlying court was pretty thorough in her explanation of what cause was. And it's instructive in looking at 707A, but it's also instructive in looking at the case law here in Stevenson and Hickman and Comathy. We don't need to redefine prejudice. The court was very clear as to legal prejudice and equitable prejudice. This is the debtor's burden to demonstrate cause, which the trustee asserts the debtor's failed to do. Here, there's an asset that's available to the Chapter 7 trustee that would be lost if the case were to be dismissed. Judge Klein was very clear with the debtor's attorney that just a notion or an intention to file a Chapter 13 plan is not enough to meet the threshold for cause and get a dismissal. And she cited in Ray Stevenson, which was also cited in the trustee's brief. So it's our assertion, and not to belabor the point, I can make this short, that the debtors have failed to demonstrate cause and that the underlying court was correct and that any redefinition of prejudice is unnecessary here. We believe that the Chapter 7 trustee, I apologize, has demonstrated the cause as defined by 707A in the underlying court or case law. Other than that, unless the court has any questions, I would sit and defer to Mr. Clemson. My only question is, looking at this record, the trustee appears to have been generous in spirit in at least offering some ideas, refinance, etc. Did I miss that, or did I get that right? Absolutely not. You're 100% correct, Your Honor. And not only is the Chapter 7 trustee still encouraging that, I believe Judge Klein also said, as the excerpts of Record 11 in the transcript, she encouraged the debtor to maybe find some other option to explore here, which the Chapter 7 trustee has certainly opened. Okay. All right. One closing thought, just so we don't get into a metaphysical discussion of what happens when somebody intends to file another 13 or 7. What's lost, if the case is dismissed, is the certainty of payment, right? And right now there is a certainty of payment. Would that be fair? That's correct, Your Honor. I agree with that. Okay. I think that's also what they talk about in Legal Prejudice and the Kymothe case. I'm sorry for butchering the name, but you're correct. Okay. And my concern about the change in the law is that, I mean, that certainly didn't motivate anything at the time of the decision, is that something we should ignore now, or is that something that we have to wrestle with? It's our intention, and of course it's so new. There's no case law on that specifically, but it is a big issue because, like the Court aptly pointed out, I mean, if I got the case for the debtor, I don't know that I would file. You have a brand new exemption here. Yeah, greatly expanded. And I know that on these exemption issues, are you aware of any law that would allow, I mean, exemptions are determined as of the date of case filing, so while the law has changed for purposes of this case, are you aware of any law that would allow the debtor to file an exemption based on law not in place at the time of filing? Your Honor, I apologize. I hadn't specifically looked into that issue, but off the top of my head and based on current workload and research, I'm not aware of anything. All right. I mean, it is what it is. If they can do it, they can do it, but I'm real sure that the new statute is going to apply in any case they file after January 1. I think that's correct, Your Honor, and I guess my only comment to that, not to belabor the point, would be that makes legal prejudice even more prevalent. Yeah. That's the worry. Mm-hmm. I don't disagree. All right. Thank you. Does anyone have any more questions for Mr. Kennedy? All right, and again, I'll give both my colleagues, we'll let Mr. Clementson commence, but if you decide you thought of something you want to ask Mr. Kennedy, he's still on the screen, so we'll call him, so don't get too comfortable. Mr. Clementson. Thank you, Your Honors. May it please the Court, my name is Russell Clementson. I'm an attorney for the U.S. Department of Justice representing the appellee United States trustee. I think that the Court has identified the legal standard in this case. No prejudice to predators means they are materially no worse off. I don't really think there's any dispute in the record at this point that predators would be materially worse off if they had to give up the certainty of the president's call in this House and wait for the possibility of a new Chapter 13, which, as the Court has identified through previous questioning, is highly unlikely in this case. Indeed, I think Mr. King would be completely conflicted in advising the debtors at this point regarding any new Chapter 13 filing, and it seems undisputed that they could wait until January and claim the $600,000 exemption. And this Court has reached that issue already in the Hall and the Leach cases about what legal rights a debtor could claim if the case were dismissed that they couldn't claim in the current case. And the results in those cases were admittedly harsh and unfortunate, but again, this Court is to determine if there's no legal prejudice to predators, and certainly there would be if this case were dismissed. We really think we've identified the issues, and they've been brought out during oral argument. Any bad legal advice is not a defense. It doesn't mean that this Court does not apply the no materially worse off standard that we have been talking about during our oral argument today. The Court still has to apply that standard, regardless of whether or not they're here today because of bad legal advice. That simply is not a defense. I think Judge Klein did all she could do by encouraging the parties to talk with each other and get new financing that would solve this problem. She indeed did everything she could do to prevent any unnecessary harsh consequences to these debtors. She could not compel refinancing. And the debtors, by their own admission, weren't interested in doing that. And why? We don't know. But I think that goes into the no legal prejudice standard. If debtors are not willing to refinance, whether because they cannot or not willing to, then that simply bolsters the finding that there would, in fact, be prejudice to predators. And again, they admitted they could not pay a Chapter 13 plan that required the payment of $25,000 over five years. They were four years into that plan, and they said we can't do it anymore. By now, by everyone's admission, they would owe $30,000 because of the equity in the residence. So how then could they propose, even if we assume that they could be relied upon to file a new Chapter 13, which we don't think is the facts here, they've already said they can't repay that amount. They can't repay a lesser amount, much less the $30,000 would now be owing. Well, I mean, nobody has to make anything approaching a finding about that to find there's prejudice, right? I mean, there's prejudice in the fact that there's another five-year period during which goodness knows what could happen. Things could go wrong, and the plan simply isn't completed. Absolutely, Your Honor. I mean, isn't that more what Judge Klein was saying as opposed to, well, they're never going to confirm this plan? We agree. Okay. I don't want to overstate it on the one hand, and I'm a little bit concerned that your presence here indicates you're hoping for some more swashbuckling ruling than this case requires this result. So if you're looking for something doctrinal, I'm not sure I'm hearing it in the first place, and I'm not sure how much more we should make of this than we need to to resolve this case. But clarify that for me if you need to. I don't think we need to. We believe on these facts the court made the right decision. We're not asking the court to go beyond the record or opine. I think the court got it exactly right. No legal prejudice is a very tough burden to meet when there's a certainty of the sale of a house that would pay creditors in full. I think that's just the reality of this case. So all the other arguments become rather speculative at that point. They simply never propose an alternative that would be anything close to a creditor getting paid in full when the house is sold by this trustee. So you're not going for an Errol Flynn moment. But what could happen here? We've got the daughter who has, okay, refinance works. That converts equity to cash. Cash is paid. Life as we know it goes on. In terms of this rubric, substitute collateral, something beyond just a promise, I think you would say. It would have to be something equally substantial to existing undisputed equity in the home available for liquidation. Correct? Absolutely, Your Honor. Okay. And that opportunity is not foreclosed even as we stand here today. The trustee has been extraordinarily patient with these debtors. As was Judge Klein. I mean, essentially everyone in this case has encouraged these debtors to solve this problem in a manner that would not require the sale of the house. The fact that that has not happened yet I think goes to show that there would in fact be plain legal prejudice if this case were dismissed. Let me ask the, well, I'm not going to because you don't know the answer. And I'm not going to make Mr. Kennedy get back up. I have a question I should have asked him. Sorry. So, but I will say we're talking about $30,000 here, but this process is generating additional expenses for the estate, correct? Yes, Your Honor. The trustee has incurred administrative fees by defending this appeal. All right. Anything further? No, Your Honor, unless the court has other questions. No. Did my colleagues have additional questions? I'm all set. Okay. Thank you very much for your arguments. All right. Mr. King, you have a little bit more than five minutes, if I recall. I think it was 5.04, something like that. Thank you, Your Honor. Your Honor, for what it's worth, just to answer, respond to Mr. Clementson, debtors didn't want to refinance the house. They're worried about the interest rate. They're worried about what? The interest rate going up. Interest rate. Interest rate going up. Obviously, that's everything. Well, we just said they're at historic lows right now, so it might be the time to reconsider that issue. But that's just an observation. That might be a saving grace to consider a new law coming up. But, yeah, and also the other thing is, you know, the daughter lives there. She's been living there all of her life. And it's not like, you know, the declaration basically saying that they can't pay it. It's, you know, it's stated in my reply brief, I believe. But, yes, Your Honor, I mean, the initial collateral, there's some risk to it, I mean, especially considering the new law. But, you know, having said where the wind is blowing, I will talk to the debtors regarding possibly doing a refinance. And he's also got a penny workers' comp case, which I'm not sure whether they're getting fruit or not. Well, I mean, I think what they're saying and what I think is the correct analysis, based on the question I asked, is it needs to be as good as undisputed equity in real property, which could be a refinance of the same property, which monetizes that equity. It could be an unsecured loan that the daughter gets. And it could be a loan the daughter posts signs on. It could be, you know, that would improve the chances of getting a reduced interest rate. I mean, there are other things out there other than selling the property. But I think Judge Lafferty started us out with the correct legal standard. And, as you can tell, no one likes this result particularly because your clients are not bad people who did bad things. But, you know, my heart goes out to them. But we have to apply the law as it's written. All right. Anything further? No, Your Honor. All right. All right. Thank you very much. This matter will be deemed submitted. Thank you. Thank you.
judges: Taylor, Lafferty, Spraker